**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PREBLE – RISH HAITI, S.A.,** | § | |
| | § | |
| **Garnishor,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMERICAN AIRLINES, INC.** | § | **C.A. No. 4:22-cv-627** |
| | § | |
| **Garnishee,** | § | |
| | § | **[Related Case: 4:22-mc-00010-Y]** |
| | § | |
| **REPUBLIC OF HAITI and BUREAU DE MONÉTISATION DES PROGRAMMES D'AIDE AU DÉVELOPPEMENT,** | § | |
| | § | |
| **Judgment-Debtors.** | § | |

**APPLICATION FOR WRIT OF GARNISHMENT AND TURNOVER ORDER**

Plaintiff Preble-Rish Haiti, S.A. ("PRH"), through its undersigned counsel, hereby files this Application for Writ of Garnishment and Turnover Order ("Application") brought in aid of judgment[1] as follows:

1. PRH is a company organized under the laws of Haiti with a principal place of business located at Hexagon Building, 5th Fl, Angle Rues Clerveaux and Darguin, Pétion Ville, Haiti.

2. Garnishee American Airlines, Inc ("American Airlines") is a company formed under the laws of Delaware with its principal place of business located at 1 Skyview Dr., MD-8B

[1] Pursuant to Federal Civil Rule 69, proceedings in aid of judgment or execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." PRH accordingly cites to relevant Texas rules and statutes *infra*.

401, Fort Worth, Texas 76155. American Airlines may be served in Texas through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. This action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1963 because this action is bought to enforce a federal judgment rendered in another district.

4. On February 3, 2022, in the cause styled *Preble-Rish Haiti S.A. v. Republic of Haiti and Bureau De Monétisation Des Programmes D'aide Au Développement*, Civil Action No. 1:21-cv-6704, in the Southern District of New York, judgment was rendered in favor of PRH against Republic of Haiti ("ROH") and Bureau De Monétisation Des Programmes D'aide Au Développement ("BMPAD") (collectively, "Judgment-Debtors"). In the related Opinion and Order, PRH was granted leave to immediately register the judgment for good cause shown in the Southern District of Texas, and a garnishment action is presently pending in that forum against Garnishee BB Energy USA, LLC ("BB Energy") under Civil Action No. 4:22-mc-00318. However, the BB Energy garnishment action is still pending, and it does not appear that the funds potentially subject to garnishment in that action are sufficient to satisfy the judgment in PRH's favor, assuming that action proves successful. Accordingly, with the New York judgment now final (and with BMPAD having withdrawn its related appeal to the Second Circuit[2]), PRH also seeks to enforce its judgment in this district, and has recently registered the New York judgment in the Northern District of Texas in Civil Action No. 4:22-mc-00010-Y.[3]

5. Pursuant to the Partial Final Arbitration Award confirmed into the Judgment at issue, the Judgment-Debtors were directed to post the amount of $23,043,429.79 as security

[2] See Exhibit 1, the Mandate issued by the Second Circuit on June 1, 2022.

[3] A true and correct copy of the Clerk's Certification of Judgment to be Registered in Another District, as well as certified copies of the Amended Judgment, the relevant Orders by the New York district court, and a copy of the arbitral award that was confirmed by the New York court (as filed in the local judgment registration action, Civil Action No. 4:22-mc-00010-Y) are all attached hereto as Exhibit 2.

pending completion of New York Arbitration. This Judgment is valid and subsisting,[4] and it is wholly unsatisfied.

6. The last known address for Republic of Haiti is 5A, Delmas 60, Musseau, Port-au-Prince, Haïti.

7. The last known address for Bureau De Monétisation Des Programmes D'aide Au Développement is No. 12 Boulevard Harry Truman, Port-au-Prince, Haïti.

8. Within PRH's knowledge, the Judgment-Debtors do not possess sufficient non-exempt property in Texas subject to execution to satisfy the above-described judgment.

9. PRH has reason to believe, and does believe, that Garnishee American Airlines, located in Fort Worth, Texas, holds funds, credits and/or other assets belonging to Judgment-Debtors. Specifically, it is PRH's understanding that whenever American Airlines books a ticket for air travel to or from Haïti, American Airlines is required to collect certain taxes and fees required by the Haïtian government totaling between $10 and $100 per flight which are then held and periodically remitted to ROH. While PRH lacks exact information as to how much money American Airlines may hold in ROH's favor at any specific time, PRH estimates that American Airlines collects taxes and fees payable to ROH of approximately $500,000 per month, and potentially much more.

10. PRH respectfully moves the Court to issue a writ of garnishment and direct Garnishee American Airlines to turnover to the Court's registry all funds, credits and/or other assets belonging to Judgment-Debtors in its possession or control up to $23,043,429.79. Upon issuance of a final award on the merits in the New York Arbitration, if in PRH's favor, PRH will

---

[4] A judgment is valid and subsisting "from and after the date it is signed, unless a *supersedeas* bond shall have been approved and filed[.]" Tex. R. Civ. P. 657. Here, ROH and BMPAD have failed to post any bond to stay enforcement of the Judgment and, in fact, have withdrawn their appeal of the judgment.

seek to confirm that award and enforce the anticipated money judgment against the garnished amounts in the Court's registry.

11. This garnishment and request for turnover order is not sought to injure, but is instead brought in good faith in furtherance of PRH's unsatisfied Judgment.

12. This application is supported by the Declaration of Keith B. Letourneau, attorney for PRH, who is authorized to act on its behalf in the above-referenced cause.[5]

13. PRH's request for relief is made pursuant to Federal Rules of Civil Procedure 70 and 71, and in compliance with Texas Civil Practice & Remedies Code §§ 31.002[6] and 63.001.[7]

WHEREFORE, PRH requests that a writ of garnishment be issued, and that PRH have judgment against Garnishee to satisfy the prior judgment against Judgment-Debtors as provided by law, and such other and further relief to which PRH may be entitled.

---

[5] A true and correct copy of the Declaration of Keith B. Letourneau is attached hereto as Exhibit 3.

[6] Tex. Civ. Prac. & Rem. Code § 31.002 provides that "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction ... through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities."

[7] Tex. Civ. Prac. & Rem. Code § 63.001(3) provides that "[a] writ of garnishment is available if ... a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment."

Dated: July 21, 2022
Fort Worth, Texas

*/s/ Decker A. Cammack*
Decker A. Cammack
Texas Bar No. 24036311
dcammack@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Phone: (817) 878-0500
FAX: (817) 878-0501

and

*/s/ Zachary R. Cain*
Keith B. Letourneau*
State Bar No. 00795893
Zachary Cain
State Bar No. 24078297
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 632-8609
Facsimile: (713) 228-6605
kletourneau@blankrome.com
zcain@blankrome.com

*Attorneys for Plaintiff/Garnishor Preble – Rish Haiti, S.A.*

* *Pro Hac Vice* application to follow